| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Brian Stolzenbach (*pro hac vice forthcoming*) |
|   | bstolzenbach@seyfarth.com |
| 3 | 233 S. Wacker Drive, Suite 8000 |
|   | Chicago, Illinois 60606 |
| 4 | T +1 (312) 460-5000 |
| 5 | F +1 (312) 460-7000 |

SEYFARTH SHAW LLP
Kamran Mirrafati (SBN 233827)
kmirrafati@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
T +1 (310) 277-7200
F +1 (310) 201-5219

Attorneys for Plaintiffs
AMAZON.COM SERVICES LLC
and AMAZON LOGISTICS, INC.

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC., | Case No. 2:24-cv-09564 |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Members of the National Labor Relations Board, JENNIFER ABRUZZO, in her official capacity as General Counsel of the National Labor Relations Board, and J. DOE, in his or her official capacity as National Labor Relations Board Administrative Law Judge, | |
| Defendants. | |

[Additional Counsel for Plaintiffs]

SEYFARTH SHAW LLP
Janine E. Raduechel (SBN 342332)
jraduechel@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
T +1 (213) 270-9600
F +1 (213) 270-9601

SEYFARTH SHAW LLP
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105-2930
T +1 (415) 397-2823
F +1 (415) 397-8549

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC. (together, "Amazon") bring this action for declaratory and injunctive relief, to prevent Defendants NATIONAL LABOR RELATIONS BOARD ("NLRB" or "Board"), LAUREN M. MCFERRAN, MARVIN E. KAPLAN, GWYNNE A. WILCOX, DAVID M. PROUTY, JENNIFER ABRUZZO, and J. DOE from engaging in unconstitutional administrative proceedings designed to unlawfully force Amazon into collective bargaining with the Teamsters.

Specifically, Defendant Abruzzo seeks an order requiring Amazon to bargain with the Teamsters on behalf of the former employees of a former contractor to Amazon Logistics, called Battle Tested Strategies LLC ("BTS"). BTS is an independent delivery business that had a contract with Amazon Logistics to pick up packages from a facility known as "DAX8" and deliver them to customers who purchased those packages on Amazon.com. After BTS repeatedly breached its contract by operating vans that could not pass inspection or otherwise should have been grounded and by failing to pay its insurance provider, Amazon Logistics notified BTS that it was terminating the contract between them. Within a week after receiving that termination notice, BTS decided to recognize the Teamsters as the bargaining representative for its drivers and dispatchers and signed an agreement with the Teamsters covering all the key terms and conditions of employment for its employees.

The Teamsters promptly turned around and demanded that Amazon Logistics recognize and bargain with them over the BTS employees even though Amazon never employed BTS's employees. Amazon Logistics lawfully declined those demands. Nevertheless, Defendant Abruzzo and her agents are now pursuing a claim before the other Defendants that Amazon was obligated to recognize and bargain with the Teamsters regarding BTS's employees, even though this claim is contrary to longstanding Ninth Circuit and NLRB case law.

Pertinent to this lawsuit, Defendant Abruzzo is doing all this in proceedings pending before an administrative agency that is unconstitutionally constructed. Accordingly, Plaintiffs bring this action for declaratory and injunctive relief to stop those proceedings, alleging as follows:

## INTRODUCTION

1. This action stems from an attempt by Defendants, in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596, to violate Amazon's fundamental right to due process by forcing it to bargain with a union that has never even participated in, much less won, an election to represent any employee of Amazon and to achieve this objective by use of an administrative proceeding whose basic structure violates Article II of the Constitution of the United States of America.

2. Article II vests all executive power in the President of the United States, "who must 'take Care that the Laws be faithfully executed.'" *Seila Law LLC v. CFPB*, 591 U.S. 197, 203 (2020).

3. To discharge that responsibility, the President must be able to remove subordinate officers who have been appointed to carry out the President's duties. *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 513-14 (2010).

4. The existence of unconstitutional removal protections inflicts harm by limiting the President's constitutional authority and also produces an administrative bureaucracy that operates on regulated parties without the constitutionally required "degree of electoral accountability." *Collins v. Yellen*, 594 U.S. 220, 252 (2021).

5. Because such removal protections affect not just the President, but also ordinary Americans who must interact with the administrative state, it makes no legal difference whether the President objects to a given statutory limit on his or her removal powers: "the separation of powers does not depend on the views of individual Presidents, nor on whether 'the encroached-upon branch approves the encroachment.'" *Free Enter. Fund*, 561 U.S. at 497 (citations omitted).

x
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

6. When a party is regulated by administrative officials who are shielded by unconstitutional removal protections, the party is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which they are subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

7. Current statutory restrictions on the ability to remove NLRB Members and NLRB Administrative Law Judges ("ALJs") from office are unconstitutional because they encroach upon the executive authority granted to the President by Article II of the Constitution. To prevent Amazon from being subjected to an administrative proceeding before an unconstitutionally structured agency—after which Amazon is unlikely to have a chance to secure meaningful retrospective relief—the Court should enjoin the proceedings in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596 and declare that the current statutory removal protections for NLRB Members and NLRB ALJs violate the Constitution.

## JURISDICTION AND VENUE

8. Amazon's claims arise under the Constitution of the United States because it alleges that certain fundamental aspects of the NLRB's structure violate the Constitution. *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 195-96 (2023). Accordingly, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. The Court has authority to grant declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and pursuant to the Court's inherent equitable powers.

10. Venue is proper in the Court under 28 U.S.C. § 1391(e)(1)(B) and, in particular, is proper in the Western Division of the Court. Defendants are officers of an agency of the United States, acting in their official capacity, and a substantial part of the events or omissions giving rise to the claim occurred in this district. The Consolidated Complaint in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596 was

issued by the NLRB Regional Director for NLRB Region 31, whose primary office is in Los Angeles, California, and the administrative hearing in the matter is scheduled to occur in Los Angeles, California.

## PARTIES

11. Amazon.com Services LLC is a limited liability company duly organized and existing under the laws of the State of Delaware. It is authorized to do business in Los Angeles County, California.

12. Amazon Logistics, Inc. is a corporation duly organized and existing under the laws of the State of Delaware. It is authorized to do business in Los Angeles County, California.

13. Defendant NLRB is an administrative agency of the United States, headquartered in Washington, D.C. The NLRB enforces the National Labor Relations Act ("NLRA"). Under the NLRA, the NLRB is "empowered . . . to prevent any person from engaging in any unfair labor practice." 29 U.S.C. § 160.

14. Defendant Abruzzo is the General Counsel of the NLRB. She is sued in her official capacity. When an unfair labor practice charge is filed, the person may file a charge with a regional director, who acts on behalf of the General Counsel. 29 C.F.R. § 101.2. The regional director then investigates the charge. *Id.* at § 101.4. "If the charge appears to have merit and efforts to dispose of it by informal adjustment are unsuccessful, the regional director issues a complaint on behalf of the General Counsel." *Id.* at § 101.8; *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 598 U.S. 771, 793 (2023) (internal quotations omitted) (Justice Jackson, dissenting). When a General Counsel's complaint issues, "an administrative law judge (ALJ) holds a hearing and issues a decision…." 29 C.F.R. §§ 101.8–101.12; *Glacier Nw.,* 598 U.S. at 793.

15. Defendant McFerran is the Chairman of the NLRB. She is sued in her official capacity.

16. Defendant Kaplan is a Member of the NLRB. He is sued in his official capacity.

17. Defendant Wilcox is a Member of the NLRB. She is sued in her official capacity.

18. Defendant Prouty is a Member of the NLRB. He is sued in his official capacity.

19. Defendant Doe is an Administrative Law Judge of the NLRB assigned to preside over the NLRB proceedings against Amazon, whose identity has not yet been disclosed to Amazon. Defendant Doe is sued in his or her official capacity.

## FACTS

20. Battle Tested Strategies LLC ("BTS") is an independent business that once had a contract with Amazon Logistics.

21. Pursuant to that contract, BTS picked up packages at a facility known as "DAX8" in Palmdale, California, and delivered those packages to customers who ordered the packages on Amazon.com.

22. After BTS repeatedly breached its contract with Amazon Logistics by operating vans that could not pass inspection or otherwise should have been grounded and by failing to pay its insurance provider, Amazon Logistics terminated its contract with BTS.

23. On April 14, 2023, BTS's owner, Johnathan Ervin, was notified that BTS's contract with Amazon Logistics was being terminated and that BTS would make its last deliveries for DAX8 on June 24, 2023.

24. Ervin responded to this news by contacting Teamsters Joint Council 42, recognizing the Joint Council as the bargaining representative for BTS's drivers and dispatchers, and then promptly executing a collective bargaining agreement with the Joint Council, applicable to those employees.

25. None of BTS's employees voted for this, much less did they vote in an election involving Amazon.

26. Nevertheless, the Joint Council and Teamsters Local 396 demanded that Amazon Logistics commence bargaining with them, jointly, based solely on BTS's prior decision to recognize and bargain with the Joint Council.

27. Amazon Logistics declined the request.

28. BTS stopped servicing DAX8 after June 24, 2023.

29. Defendant Abruzzo has already concluded that Amazon Logistics lawfully terminated its contract with BTS before the Teamsters' demand for recognition from and bargaining with Amazon Logistics. She also does not challenge BTS's decision to terminate the employment of all its drivers and dispatchers.

30. Nevertheless, on September 30, 2024, Defendant Abruzzo, acting through one of her Regional Directors, issued and served Amazon with a Consolidated Complaint in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596, including a Notice of Hearing on the allegations in the Consolidated Complaint, setting the hearing to commence on March 25, 2024, in Los Angeles, California, before Defendant Doe. **Exhibit A**.

31. Among other things, the Consolidated Complaint alleges that Amazon and BTS jointly employed the drivers and dispatchers who worked for BTS and that this meant Amazon was required by law to bargain with Joint Council 42, merely because BTS decided to recognize and bargain with Joint Council 42.

32. Specifically, the Consolidated Complaint alleges that Amazon should have bargained with the Joint Council about the effects of the termination of BTS's contract on BTS's employees. Defendant Abruzzo is pursuing this claim, even though Amazon never employed BTS's employees.

8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# COUNT I – BOARD MEMBERS ARE UNCONSTITUTIONALLY INSULATED FROM REMOVAL

33. Amazon restates and incorporates by reference each and every allegation of the preceding paragraphs, as if fully set forth herein.

34. NLRB Members exercise substantial executive power under the Constitution when administering and enforcing the NLRA.

35. For example, Section 10(j) of the NLRA states: "The Board shall have the power, upon issuance of [an administrative] complaint as provided in [29 U.S.C. § 160(b)] charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court . . . for temporary relief or restraining order." 29 U.S.C. § 160(j). This is quintessential prosecutorial power. *See, e.g., McDermott v. Ampersand Pub., LLC*, 593 F.3d 950, 956 (9th Cir. 2010) (explaining that the Board has the authority to "*initiate and prosecute* injunction proceedings under Section 10(j)") (emphasis added) (internal citations omitted)*; Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 852 (5th Cir. 2010) ("Petition power under § 10(j) is prosecutorial in nature.").

36. The NLRB also determines appropriate units for the purpose of collective bargaining and directs representation elections. 29 U.S.C. § 159. The NLRB also is empowered to prevent persons from engaging in an unfair labor practice, to issue subpoenas, to engage in rule making, to conduct union representation elections, and to seek enforcement of its orders in the U.S. Court of Appeals. 29 U.S.C. §§ 156, 160.

37. In these and other ways, the NLRB has substantial prosecutorial, rulemaking, policymaking, and adjudicative power.

38. When "the activities of administrative agencies 'take "legislative" and "judicial" forms,' 'they are exercises of—indeed under our constitutional structure they *must be* exercises of—the "executive Power."' *Seila Law*, 591 U.S. at 216 n.2 (2020) (citation omitted).

39. The NLRB's Members, including the Chairman, may be removed by the President only "upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153(a). This restriction on removing Board Members frustrates the President's constitutional mandate to take care that laws are faithfully executed.

40. Without such unconstitutional removal restrictions, the Board Members could be removed by the President—including based on their conduct during the proceedings in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596.

41. The combination of the Board Members' exercise of substantial executive power and their strict removal protections violates Article II of the Constitution. *See Space Expl. Techs. Corp. v. NLRB*, No. W-24-CV-00203, 2024 WL 3512082 (W.D. Tex. July 23, 2024), *appeal filed*, No. 24-50627 (5th Cir. Aug. 1, 2024) (finding substantial likelihood that Board Members are subject to unconstitutional removal procedures).

42. Being subject to proceedings before unconstitutionally insulated agency officials is a "here-and-now injury" justifying pre-enforcement judicial intervention. *Axon Enter.*, 598 U.S. at 191 (citation omitted).

43. Amazon is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Amazon is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

44. Without injunctive relief, Amazon will be forced to undergo an unconstitutional proceeding before agency officials who are impermissibly protected from Presidential oversight.

45. Amazon has a high likelihood of success on this claim.

46. Amazon will be irreparably harmed by having to proceed before an NLRB whose Members are unconstitutionally insulated from presidential oversight.

47. If the Board Members reviewing the ALJ's decision issue a decision against Amazon, Amazon would be irreparably harmed because of the difficulty of obtaining

redress for an unconstitutional proceeding by improperly insulated administrative officials. *See Collins v. Yellen*, 594 U.S. 220, 257-60 (2021).

48. The harm of Amazon being subject to an unconstitutional proceeding outweighs any harm to the NLRB if injunctive relief is granted.

49. The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

### COUNT II – THE NLRB'S ADMINISTRATIVE LAW JUDGES ARE UNCONSTITUTIONALLY INSULATED FROM REMOVAL

50. Amazon restates and incorporates by reference each and every allegation of the preceding paragraphs, as if fully set forth herein.

51. Like Board Members, discussed *supra*, NLRB ALJs (1) wield significant executive power and (2) are subject to unconstitutional removal restrictions.

52. NLRB ALJs are "Officers of the United States" under the Constitution's Appointments Clause, and not mere employees. While they are not "principal officers" like NLRB Members, they are "inferior officers" subject to the Appointments Clause. They wield significant executive power because, among other things, they are designees of the Board Members discussed above and hold appointed positions through which they hold the responsibility for the conduct of all unfair labor practice hearings, including presiding over the adversarial hearing, determining evidentiary issues, receiving testimony, making factual inquiries, shaping the administrative record, approving settlements, determining the timeframe for the conduct of the hearings, issuing the ultimate decisions for unfair labor practice charges, and "[taking] any other necessary action authorized by the Board's published Rules and Regulations." *See* 29 C.F.R. §§ 102.35, 102.153; *see also* 29 U.S.C. §§ 153, 160, 161; *Int'l Bhd. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers of Am., AFL-CIO, Boilermakers Union Loc. 6 v. NLRB*, 872 F.2d 331, 332 (9th Cir. 1989) ("Section 102.35 gives an ALJ wide authority, subject to the rules and regulations of the Board."); *Space Expl.*, 2024 WL

3512082, *7 (citing 29 U.S.C. §§ 154, 159, 160) (noting that "the NLRB enforces the NLRA when . . . appointing inferior officers including . . . ALJs").

53. Indeed, an ALJ's decisions in unfair labor practice matters constitute a final determination not subject to *sua sponte* Board review. "If no exceptions are filed, the administrative law judge's decision and recommended order automatically become the decision and order of the Board pursuant to section 10(c) of the Act." 29 CFR § 101.12. Accordingly, they wield significant executive power.

54. ALJs are subject to a strict, multi-layer removal process. The NLRB may attempt to remove ALJs only for "good cause established and determined by the Merit Systems Protection Board" ("MSPB"). 5 U.S.C. § 7521(a). In turn, MSPB Members are removable only for "inefficiency, neglect of duty, or malfeasance in office," 5 U.S.C. § 1202(d), and as noted, Board Members are removable only "for neglect of duty or malfeasance in office, but for no other cause," 29 U.S.C. § 153(a).

55. The statutes' provision of multiple layers of removal protection prevents the President from exercising the President's authority over ALJs and violates the Constitution. *See Free Enter. Fund*, 561 U.S. at 492-508.

56. Without these unconstitutional removal restrictions, either the ALJ assigned to NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596 or the Board Members who bear responsibility to supervise and exercise control over the ALJ findings would face the prospect of removal by the President based on their conduct during the proceedings.

57. Being subject to unconstitutional agency authority—including proceedings before unconstitutionally insulated officials—qualifies as a "hear-and-now injury" under Supreme Court precedent. *Axon Enter.*, 598 U.S. at 191 (citation omitted).

58. Accordingly, Amazon is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Amazon is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

59. Without injunctive relief, Amazon will be forced to undergo an unconstitutional proceeding before agency officials who are impermissibly protected from Presidential oversight.

60. Amazon has a high likelihood of success on this claim.

61. Unless the NLRB is enjoined from proceeding against Amazon before an ALJ unconstitutionally insulated from removal by the President, Amazon will be irreparably harmed. And if the Board Members, on recommendation from the ALJ, issue a decision against Amazon, Amazon would be irreparably harmed because of the difficulty of obtaining redress for an unconstitutional proceeding by improperly insulated administrative officials. *See Collins v. Yellen*, 594 U.S. 220, 257-60 (2021).

62. The harm to Amazon outweighs any harm to the NLRB if such relief is granted.

63. The grant of injunctive and declaratory relief on this claim will serve the public interest by protecting Americans' constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Amazon hereby requests that the Court order the following relief and enter a judgment:

1. Declaring that:
   a. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of Board Members, including 29 U.S.C. § 153(a), are unconstitutional; and
   b. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB Administrative Law Judges, including 5 U.S.C. § 7521(a), are unconstitutional.

2. Upon a hearing of this cause, preliminarily enjoining Defendants from subjecting Amazon to further proceedings in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596 pending the final resolution of this action;

4.      Upon a trial of this cause, permanently enjoining Defendants from subjecting Amazon to further proceedings in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596;

5.      Awarding Amazon its costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney's fees; and

6.      Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

DATED: November 5, 2024                    Respectfully submitted,

                                                                    SEYFARTH SHAW LLP


By: */s/ Giovanna A. Ferrari*
       Brian Stolzenbach
       Kamran Mirrafati
       Janine E. Raduechel
       Giovanna A. Ferrari
       Counsel for Plaintiffs
AMAZON.COM SERVICES LLC
and AMAZON LOGISTICS, INC.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

314589097v.1