1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEYFARTH SHAW LLP
Brian Stolzenbach (*pro hac vice pending*)
bstolzenbach@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
T +1 (312) 460-5000
F +1 (312) 460-7000

SEYFARTH SHAW LLP
Kamran Mirrafati (SBN 233827)
kmirrafati@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
T +1 (310) 277-7200
F +1 (310) 201-5219

Attorneys for Plaintiffs
AMAZON.COM SERVICES LLC
and AMAZON LOGISTICS, INC.

[Additional Counsel Listed on Next Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Members of the National Labor Relations Board, JENNIFER ABRUZZO, in her official capacity as General Counsel of the National Labor Relations Board, and J. DOE, in his or her official capacity as National Labor Relations Board Administrative Law Judge, <br><br> Defendants. | Case No. 2:24-cv-09564-SPG-MAA <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date:    December 18, 2024 <br> Time:    1:30 p.m. <br> Ctrm:    5C |

1    [Additional Counsel for Plaintiffs]

2

3    SEYFARTH SHAW LLP
     Janine E. Raduechel (SBN 342332)
4    jraduechel@seyfarth.com
     601 South Figueroa Street, Suite 3300
5    Los Angeles, California 90017-5793
     T +1 (213) 270-9600
6    F +1 (213) 270-9601

7    SEYFARTH SHAW LLP
8    Giovanna A. Ferrari (SBN 229871)
     gferrari@seyfarth.com
9    560 Mission Street, Suite 3100
     San Francisco, California 94105-2930
10   T +1 (415) 397-2823
     F +1 (415) 397-8549
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 18, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 5C of the United States District Court for the Central District of California, located at 350 West 1st Street, Courtroom 5C, Los Angeles, California 90012, Plaintiffs AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC. (together, "Amazon") will, and hereby do, move this Court for a preliminary injunction to be entered against the National Labor Relations Board ("NLRB" or "Board"), its Members Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, its General Counsel Jennifer Abruzzo, its as-yet unidentified Administrative Law Judge (ALJ), and all their employees and other agents to stop the administrative proceeding in NLRB Case Nos. 31-CA-317349, 31-CA-319781, 31-CA-320596.

This motion is based on this Notice of Motion and Motion with the attached Memorandum of Points and Authorities, all pleadings and records on file in this matter, and all other matters subject to judicial notice by the Court or adduced at the hearing of this Motion.

DATED: November 15, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: _/s/ Kamran Mirrafati_
Counsel for Plaintiffs
Brian Stolzenbach
Kamran Mirrafati
Janine E. Raduechel
Giovanna A. Ferrari
AMAZON.COM SERVICES LLC
and AMAZON LOGISTICS, INC.

1

# TABLE OF CONTENTS

2

**Page**

I.     INTRODUCTION AND FACTUAL BACKGROUND ........................................1

II.    THE STANDARD FOR GRANTING A PRELIMINARY INJUNCTION.............3

III.   ARGUMENT.......................................................................................................4

       a.    Amazon Is Likely To Succeed on Its Claims...................................4

             i.     NLRB Members Are Unconstitutionally Insulated From Removal.....4

             ii.    The NLRB Administrative Law Judge Who Will Preside Over the Unfair Labor Practice Proceedings at Issue Is Unconstitutionally Insulated From Removal....................................................................7

       b.    Amazon Will Suffer Irreparable Harm Without a Preliminary Injunction...11

       c.    The Balance of Harms and Public Interest Favor a Preliminary Injunction. 12

IV.    CONCLUSION....................................................................................................13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alaska Roughnecks & Drillers Ass'n v. NLRB*,
  555 F.2d 732 (9th Cir. 1977), cert. denied 434 U.S. 1069 (1978).......................2

*Aldworth Co.*,
  338 NLRB 137 (2002) .......................................................................3

*Alliance for the Wild Rockies v. Cottrell*,
  632 F.3d 1127 (9th Cir. 2011) ...........................................................4

*Arbor Contract Carpet, Inc. v. Simon*,
  2022 WL 17882143 (C.D. Cal. Sept. 30, 2022) ....................................4

*Axon Enterprises, Inc. v. Federal Trade Commission*,
  598 U.S. 175 (2023)........................................................................12

*Baird v. Bonta*,
  81 F.4th 1036 (9th Cir. 2023) ...........................................................13

*Buckley v. Valeo*,
  424 U.S. 1 (1976) (per curiam), *superseded on other grounds by statute* ...........6

*Collins v. Yellen*,
  594 U.S. 220 (2021)........................................................................6, 7

*Cuviello v. City of Vallejo*,
  944 F.3d 816 (9th Cir. 2019) .............................................................13

*Decker Coal Co. v. Pehringer*,
  8 F.4th 1123 (9th Cir. 2021) ..............................................8, 9, 10, 11

*Elrod v. Burns*,
  427 U.S. 347 (1976).........................................................................11

*Ferguson v. S. Highlands Golf Club, LLC*,
  155 F. App'x 345 (9th Cir. 2005) ........................................................4

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*,
  561 U.S. 477 (2010).........................................................5, 9, 12, 13

*Goodyear Tire & Rubber Co.*,
  312 NLRB 674 (1993) ...................................................................................... 3

*In re Hologenix, LLC*,
  No. 20-13849 BR, 2020 WL 8457487 (C.D. Cal. Dec. 21, 2020) ...................... 5

*Humphrey's Executor v. United States*,
  295 U.S. 602 (1935) ..................................................................................... 5, 7

*Jarkesy v. SEC*,
  34 F.4th 446 (5th Cir. 2022), *aff'd on other grounds*, 144 S. Ct. 2117
  (2024) .......................................................................................................... 8, 9

*Kinney v. Pioneer Press*,
  881 F.2d 485 (7th Cir. 1989) ............................................................................ 6

*League of Women Voters of U.S. v. Newby*,
  838 F.3d 1 (D.C. Cir. 2016) ............................................................................ 13

*Lucia v. SEC*,
  585 U.S. 237 (2018) .......................................................................................... 8

*McDermott v. Ampersand Pub., LLC*,
  593 F.3d 950 (9th Cir. 2010) ............................................................................ 6

*McLaughlin v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 162881 (C.D. Cal. Nov. 13, 2012) ............................... 4

*Morrison v. Olson*,
  487 U.S. 654 (1988) .......................................................................................... 5

*Myers v. United States*,
  272 U.S. 52 (1926) ............................................................................................ 5

*Nelson v. Nat'l Aeronautics & Space Admin.*,
  530 F.3d 865 (9th Cir. 2008), rev'd on other grounds by 562 U.S. 134
  (2011) .......................................................................................................... 11, 13

*Nken v. Holder*,
  556 U.S. 418 (2009) ........................................................................................ 13

*Overstreet v. El Paso Disposal, L.P.*,
  625 F.3d 844 (5th Cir. 2010) ............................................................................ 6

ii

*Seila Law LLC v. CFPB*,
  591 U.S. 197 (2020)..........................................................................3, 5, 7

*Space Expl. Techs. Corp. v. NLRB*,
  No. W-24-CV-00203, 2024 WL 3512082 (W.D. Tex. July 23, 2024),
  *appeal filed*, No. 24-50627 (5th Cir. Aug. 1, 2024) ................................3, 7, 8, 9

*United States v. Perkins*,
  116 U.S. 483 (1886)..................................................................................5

*United States v. Texas*,
  599 U.S. 670 (2023)..................................................................................6

**Other State Cases**

*Energy Transfer, LP, et al. v. NLRB*,
  Case No. 3:24-cv-198, 2024 WL 3571494 ......................................................8, 9

**Federal Statutes**

5 U.S.C.
  § 556.........................................................................................................10
  § 1202(d)....................................................................................................9
  §3105........................................................................................................10
  § 7521.....................................................................................................10, 11
  § 7521(a)....................................................................................................9

29 U.S.C.
  § 153(a) ..........................................................................3, 7, 9, 10, 11
  §§ 156, 159, 160, 161 ...............................................................................6
  § 160(b)...................................................................................................10
  § 160(j)......................................................................................................6

30 U.S.C.
  § 932a......................................................................................................10

Bipartisan Campaign Reform Act of 2002, Pub. L. No. 107-155, 116 Stat. 81........6

Black Lung Benefits Act...........................................................................10

NLRA
  § 10(j)........................................................................................................6

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

**Other Authorities**

29 C.F.R. §§ 102.35 and 102.153 .................................................................8

29 CFR § 102.34 ...........................................................................................10

11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE
    AND PROCEDURE § 2948.1 (3d ed. 2023) ...........................................11

United States Constitution Article II ......................................1, 3, 5, 6, 7, 8

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

## MOTION FOR PRELIMINARY INJUNCTION

AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC. (together, "Amazon") respectfully move for a preliminary injunction to be entered against the National Labor Relations Board ("NLRB" or "Board"), its Members Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, its General Counsel Jennifer Abruzzo, its as-yet unidentified Administrative Law Judge (ALJ), and all their employees and other agents to stop the administrative proceeding in NLRB Case Nos. 31-CA-317349, 31-CA-319781, 31-CA-320596.

## I.    INTRODUCTION AND FACTUAL BACKGROUND

This lawsuit was sparked by the issuance of a consolidated complaint and notice of hearing in an unfair labor practice proceeding. **Exhibit A**. Through that proceeding, Defendant Abruzzo and her agents seek the assistance of the other Defendants in an effort to misapply the National Labor Relations Act ("NLRA") to violate Amazon's due process rights, in contravention of well-established Ninth Circuit case law. Critically, for purposes of this lawsuit, the entire endeavor is set to be overseen and executed by officers who are statutorily insulated from constitutionally required oversight by the President of the United States. Through these statutory protections, Congress has improperly encroached upon the President's executive authority, in violation of Article II of the United States Constitution. Accordingly, this motion asks the Court to put a preliminary halt to the unfair labor practice proceeding, which is set for hearing on March 25, 2025, so Amazon will not be irreparably harmed by these constitutional infirmities during the pendency of this lawsuit.

Specifically, Defendant Abruzzo seeks an order from the other Defendants requiring Amazon to bargain with the Teamsters on behalf of the former employees of a former contractor to Amazon Logistics, called Battle Tested Strategies LLC ("BTS"). BTS is an independent delivery business that had a contract with Amazon Logistics to pick up packages from a facility known as "DAX8" and deliver them to customers who purchased those packages on Amazon.com. After BTS repeatedly breached its contract

by operating vans that could not pass inspection or otherwise should have been grounded and by failing to pay its insurance provider, Amazon Logistics notified BTS that it was terminating the contract between them. Within a week after receiving that termination notice, BTS decided to recognize the Teamsters as the bargaining representative for its drivers and dispatchers and signed an agreement with the Teamsters covering all the key terms and conditions of employment for its employees.

The Teamsters promptly turned around and demanded that Amazon Logistics also recognize and bargain with them over the BTS employees even though Amazon never employed BTS's employees. Amazon Logistics lawfully declined those demands. Nevertheless, Defendant Abruzzo and her agents are now pursuing a claim before the other Defendants that Amazon was obligated to recognize and bargain with the Teamsters regarding BTS's employees, and this claim is contrary to longstanding Ninth Circuit and NLRB case law.

In keeping with a recent trend, the agency has decided to ignore longstanding legal principles in the pursuit of some of its leaders' preferred policy objectives. Crucially, for purposes of the instant motion, the NLRB seeks to effectuate this deprivation of due process rights through the actions of executive branch officers who are statutorily insulated from fundamental oversight by the President, in violation of Article II of the United States Constitution. The Constitution requires that the President maintain "unrestricted removal power" over federal officials "who wield executive power." *Seila Law LLC v. CFPB*, 591 U.S. 197, 215, 238 (2020). Defendant Board Members McFerran, Kaplan, Prouty, and Wilcox are unconstitutionally insulated from removal by the President because they may be removed only "for neglect of duty or malfeasance in office." *See* 29 U.S.C. § 153(a). Given the Board Members' exercise of substantial executive power, such removal protections violate Article II of the Constitution. *See Space Expl. Techs. Corp. v. NLRB*, No. W-24-CV-00203, 2024 WL 3512082, *3-4 (W.D. Tex. July 23, 2024) (finding substantial likelihood the Board Members are subject to

unconstitutional protection from removal by the President), *appeal filed*, No. 24-50627 (5th Cir. Aug. 1, 2024). In addition, Defendant Doe, the Administrative Law Judge (ALJ) who would preside over the upcoming unfair labor practice hearing, is also improperly insulated from removal by multiple layers of for-cause protections. *See id.* at *3.

By issuing the consolidated complaint, Defendant Abruzzo and her agents have set in motion a process by which she hopes these impermissibly insulated officers will exercise their executive authority in contravention of the law. The Court should step in and stop this from happening. It should enjoin Defendants from subjecting Amazon to this process governed by an unconstitutionally structured agency while the Court considers Amazon's claims on the merits and reaches a final conclusion on those claims. Failure to do so will cause Amazon to suffer irreparable harm by subjecting it to an ongoing constitutional violation, for which it could not obtain meaningful retrospective relief.

## II.     THE STANDARD FOR GRANTING A PRELIMINARY INJUNCTION

"'A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)).

With respect to the first factor—likelihood of success—the movant must show "*some* likelihood of success on the merits." *McLaughlin v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 162881, *9 (C.D. Cal. Nov. 13, 2012) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1134-35); *see also Ferguson v. S. Highlands Golf Club, LLC*, 155 F. App'x 345 (9th Cir. 2005) (affirming grant of injunction when district court found "some likelihood of success on the merits"). Ultimately, however, the Ninth Circuit applies a sliding-scale approach, such that "a court may issue a preliminary injunction where there are 'serious questions going to the merits and a balance of hardships that tips

sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" *Arbor Contract Carpet, Inc. v. Simon*, 2022 WL 17882143, *1 (C.D. Cal. Sept. 30, 2022).

Put another way, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies*, 632 F.3d at 1131. "The moving party may meet its burden by showing either '(1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *In re Hologenix, LLC*, No. 20-13849 BR, 2020 WL 8457487, at *1 (C.D. Cal. Dec. 21, 2020) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2002).

## III. ARGUMENT

### a. Amazon Is Likely To Succeed on Its Claims.

#### i. NLRB Members Are Unconstitutionally Insulated From Removal.

Under the Constitution, the "executive Power"—all of it—is "vested in a President," who must "take Care that the Laws be faithfully executed." Art. II, §1, cl. 1; id., §3; *Seila Law*, 591 U.S. at 213. As part of this authority granted to the President, "as a general matter," the Constitution gives the President "the authority to remove those who assist him in carrying out his duties." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.,* 561 U.S. 477, 513-14 (2010); *Seila Law*, 591 U.S. at 214-15. "Without such power, the President could not be held fully accountable for discharging his own responsibilities; the buck would stop somewhere else." *Free Enterprise Fund*, 561 U.S. at 514; *see also Myers v. United States*, 272 U.S. 52 (1926).

To date, the Supreme Court has recognized only two limited exceptions to the President's unrestricted removal power over executive branch "officers." First, Congress may provide tenure protections to certain "inferior officers." *Seila Law*, 591 U.S. 217-18

(addressing *United States v. Perkins*, 116 U.S. 483 (1886) and *Morrison v. Olson*, 487

U.S. 654 (1988). Second, Congress may create expert agencies led by a group of

"principal officers" who do not exercise any executive power (or, at least, do not wield

substantial executive power) removable by the President only for "inefficiency, neglect of

duty, or malfeasance of office." *See Seila Law*, 591 U.S. 215-16, 218 (addressing

*Humphrey's Executor v. United States*, 295 U.S. 602 (1935)).

The first exception plainly is not applicable to Board Members. Board Members are

principal officers. To begin with, they are appointed by the President, with the advice and

consent of the Senate, a telltale sign that they are principal officers. *See* Const. Art. II

(declaring that the President "shall . . . nominate, and by and with the Advice and

Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls,

Judges of the supreme Court, and all other Officers of the United States, whose

Appointments are not herein otherwise provided for, and which shall be established by

Law" but that "Congress may by Law vest the Appointment of such inferior Officers, as

they think proper, in the President alone, in the Courts of Law, or in the Heads of

Departments"); *see also, e.g.*, *Buckley v. Valeo*, 424 U.S. 1, 132 (1976) (per curiam)

("Principal officers are selected by the President with the advice and consent of the

Senate"), *superseded on other grounds by statute*, Bipartisan Campaign Reform Act of

2002, Pub. L. No. 107-155, 116 Stat. 81.

The second exception does not apply, either. Board Members wield significant

executive power through their ability to determine bargaining units, issue subpoenas,

engage in rule making, and prevent persons from engaging in an unfair labor practice. *See*

29 U.S.C. §§ 156, 159, 160, 161; *cf. Collins*, 594 U.S. at 254 (recognizing that the

FHFA's power to issue subpoenas is "clearly . . . executive power"). Board Members

even have classic prosecutorial authority via Section 10(j) of the NLRA, which

authorizes them "to petition [a] United States district court . . . for appropriate temporary

relief or restraining order" for alleged unfair labor practices. 29 U.S.C. § 160(j); *see also*

*McDermott v. Ampersand Pub., LLC*, 593 F.3d 950, 956 (9th Cir. 2010) (Board has authority "to initiate and prosecute injunction proceedings under Section 10(j)"); *Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 852 (5th Cir. 2010) ("Petition power under § 10(j) is prosecutorial in nature."); *Kinney v. Pioneer Press*, 881 F.2d 485, 493 (7th Cir. 1989) (recognizing that the Board invoking judicial processes to seek an injunction is an example of the Board's "prosecutorial discretion"); *see also United States v. Texas*, 599 U.S. 670, 679 (2023) ("The Executive Branch . . . prosecutes offenses on behalf of the United States").

Accordingly, the President must have the unrestricted power to remove Board Members. Although the Defendants may argue otherwise, the *Humphrey's Executor* exception for expert agencies led by a group of principal officers does not apply here. First and foremost, that exception was recognized only where those principal officers "did not exercise any executive power" or, at least, "do not wield substantial executive power." *Seila Law*, 591 U.S. 215-16, 218. Board Members do exercise substantial executive power, as described above, and more than enough executive power for *Humphrey's Executor* to be inapplicable. *See Space Expl. Techs. Corp.*, No. W-24-CV-00203, 2024 WL 3512082, at *3-4 (finding substantial likelihood NLRB Members are unconstitutionally insulated from removal).

Furthermore, in *Humphrey's Executor* the President was able to remove the principal officers for "inefficiency, neglect of duty, or malfeasance of office." *Seila Law*, 591 U.S. 215-16. By contrast, Board Members are protected from removal by unusually strict limitations, providing for removal only for "neglect of duty or malfeasance in office"— not even *inefficiency*—and "for no other cause." 29 U.S.C. § 153(a). Eliminating the President's ability to remove principal officers for inefficiency would be an unjustified expansion of *Humphrey's Executor*. *See Collins v. Yellen*, 594 U.S. 220, 256 (2021)

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

("The President must be able to remove not just officers who disobey his commands but also those he finds 'negligent and inefficient[.]'") (quoting *Myers*, 272 U.S. at 135).[1]

Simply put, the statutory restriction on the President's ability to remove Board Members found in 29 U.S.C. § 153(a) is an unconstitutional encroachment by Congress on the President's constitutional authority. As a result, Amazon is very likely to succeed on its claim that the NLRB seeks to subject it to proceedings overseen by an unconstitutionally structured administrative agency.

> **ii.    The NLRB Administrative Law Judge Who Will Preside Over the Unfair Labor Practice Proceedings at Issue Is Unconstitutionally Insulated From Removal.**

An NLRB administrative law judge (ALJ) is not a principal officer but, rather, an "inferior officer" under Article II of the Constitution. *See Space Expl.*, 2024 WL 3512082, *3 (NLRB ALJs are "inferior officers"); *see also Lucia v. SEC*, 585 U.S. 237, 247-249 (2018) (holding that SEC ALJs are "Officers of the United States"); *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1132, 1135-36 (9th Cir. 2021) (repeatedly referring to administrative law judges within the Department of Labor as "inferior officers" and referencing both Justice Breyer's and Justice Scalia's observation that all ALJs "are . . . executive officers"). As inferior officers, NLRB ALJs are unconstitutionally insulated from presidential oversight by multiple layers of for-cause protection. *See Space Expl.* 2024 WL 3512082, *3 (plaintiff likely to succeed on claim that NLRB ALJs are unconstitutionally insulated from removal); *Energy Transfer, LP, et al. v. NLRB*, Case No. 3:24-cv-198, 2024 WL 3571494, at *25 (same); *cf. Jarkesy v. SEC*, 34 F.4th 446, 465–66 (5th Cir. 2022) (SEC ALJs are unconstitutionally insulated from presidential removal), *aff'd on other grounds*, 144 S. Ct. 2117 (2024).

---

[1] To the extent *Humphrey's Executor* somehow could be considered applicable, however, Amazon preserves the additional argument that the opinion in *Humphrey's Executor* is contrary to Article II of the Constitution and should be overruled.

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

NLRB ALJs exercise significant executive authority and therefore must be accountable to the President for their role in the execution of the laws. NLRB ALJs not only issue merit decisions in unfair labor practice proceedings that often become final decisions of the NLRB, but they also exercise a host of other authority necessary for the NLRB to carry out its mission. *See* 29 C.F.R. §§ 102.35 and 102.153. Further, the Supreme Court has recognized that inferior officers of the United States perform an executive function that is sufficiently important that either the President or the principal officer to whom an inferior officer reports must have adequate control over how they carry out their functions. *See Free Enterprise Fund*, 561 U.S. at 495-496; *see also Jarkesy v. SEC*, 34 F.4th at 464.

NLRB ALJs, however, are unconstitutionally insulated from presidential oversight by multiple layers of for-cause protection. NLRB ALJs themselves are subject to the "good cause" discipline standard of the Administrative Procedure Act ("APA"). *See* 5 U.S.C. 7521. As a result, NLRB Members cannot remove NLRB ALJs at will. In fact, the NLRB may attempt to remove ALJs only for "good cause established and determined by the Merit Systems Protection Board" ("MSPB"). 5 U.S.C. § 7521(a). In turn, MSPB Members are removable only for "inefficiency, neglect of duty, or malfeasance in office," 5 U.S.C. § 1202(d), and as noted, Board Members themselves are removable only "for neglect of duty or malfeasance in office, but for no other cause," 29 U.S.C. § 153(a). Consequently, the President cannot fully hold NLRB Members accountable for the actions of NLRB ALJs. The Supreme Court has held that a similar dual for-cause removal restriction "subvert[ed] the President's ability to ensure that the laws are faithfully executed" and was "incompatible with the Constitution's separation of powers." *See Free Enterprise Fund*, 561 U.S. at 498.

Since *Free Enterprise Fund*, the Fifth Circuit has held that a set of removal restrictions nearly identical to those at issue here were unconstitutional when applied to Securities and Exchange Commission ("SEC") ALJs. *See Jarkesy v. SEC*, 34 F.4th at

463-64. Further, two district courts have applied the same rationale to NLRB ALJs and preliminarily enjoined NLRB unfair labor practice proceedings. *See Space Expl.*, No. W-24-CV-00203, 2024 WL 3512082 at *3-4; *Energy Transfer*, Case No. 3:24-cv-198, 2024 WL 3571494 at *25 (SDTX, 2024). As a result, Amazon also is likely to succeed on this claim that the NLRB seeks to subject it to proceedings overseen by an unconstitutionally structured administrative agency.

The Ninth Circuit's decision in *Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021), is distinguishable and does not provide grounds to conclude otherwise. In *Decker*, the Ninth Circuit determined that Department of Labor ("DOL") ALJs were not unconstitutionally insulated from removal for four reasons: (1) DOL ALJs perform a purely adjudicatory function in deciding Black Lung Benefits Act ("BLBA") claims; (2) the DOL was statutorily permitted to bring BLBA claims before any "qualified individuals appointed by the Secretary of Labor" and therefore the President, via direction to the Secretary of Labor, could choose to bring the claim before a "qualified individual" rather than an ALJ; (3) DOL ALJ decisions are subject to review by the Benefit Review Board ("BRB"), whose members in effect serve at the pleasure of the President; (4) the APA's removal for "good cause" language intrudes less on presidential authority than the higher removal standard at issue in *Free Enterprise Fund*. *See Decker Coal*, 8 F.4th at 1133–35. Each of these reasons will be addressed in turn, below.

First, the fact that NLRB ALJs perform many adjudicatory functions does not prevent them from exercising significant executive authority. As discussed above, NLRB ALJs are, after all, crucial to the enforcement of the Act. Further, as the Supreme Court held in *Free Enterprise Fund*, inferior officers like NLRB ALJs perform a sufficient role in the execution of the laws as to necessitate direct accountability to the President or the principal officer to whom they report.

Second, unfair labor practice charges must be brought before and decided by either the Board or NLRB ALJs. *See* 5 U.S.C. § 556; 29 U.S.C. § 160(b); *see also* 29 CFR §

102.34. As already stated, both the NLRB Members and NLRB ALJs have protection from removal by the President. *See* 29 U.S.C. § 153(a); 5 U.S.C. § 7521. Consequently, unlike in *Decker*, where the DOL could bring a BLBA action before a "qualified individual" and not a DOL ALJ with protection under the APA, *see* 30 U.S.C. § 932a (recognizing that a "qualified individual" need not be appointed pursuant to 5 U.S.C. 3105 and thus not entitled protection under the APA "good cause" standard), there is a statutory mandate that unfair practice proceedings be conducted by persons insulated from Presidential removal. Accordingly, in regards to the NLRB, Congress has indeed "tied the President's hands and hindered his control." *Decker*, 8 4th at 1133.

Third, NLRB ALJ decisions are reviewed by NLRB Members with statutory protection from removal, while the DOL ALJ decisions at issue in *Decker* were reviewed by BRB members with no protection from removal. *See* 29 U.S.C. 153(a); *Decker*, 8 F.4th at 1134–35. The President therefore does not have control over NLRB ALJs like he does with DOL ALJs hearing BLBA claims.

Finally, even though NLRB ALJs are subject to the same "good cause" discipline standard as DOL ALJs, the combination of factors discussed above—that NLRB Members have statutory protection, that unfair labor practice decisions must be brought before an NLRB ALJ or the NLRB Members, and that NLRB ALJ decisions are reviewed by NLRB Members—render them unaccountable to the President and place a much greater impingement on presidential authority than in the circumstances in *Decker*.

For these reasons, NLRB ALJs are not like the DOL ALJs in *Decker* and *Decker* does not control the outcome whether NLRB ALJs are unconstitutionally insulated from removal. Indeed, the Ninth Circuit was clear in *Decker*: "[O]ur holding is limited. We do not say that all remaining two-level tenure protection schemes are constitutional; we hold only that 5 U.S.C. § 7521 is constitutional *as applied to these ALJs*." 8 F.4th at 1136 (emphasis added). In contrast, it is not constitutional as applied to NLRB ALJs.

### b.    Amazon Will Suffer Irreparable Harm Without a Preliminary Injunction.

Amazon will suffer immediate and irreparable harm absent injunctive relief. Denying a constitutional right "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2948.1 (3d ed. 2023) (where "deprivation of a constitutional right is involved, . . . most courts hold that no further showing of irreparable injury is necessary"). The Ninth Circuit has adopted the same standard. *See Nelson v. Nat'l Aeronautics & Space Admin*., 530 F.3d 865, 882 (9th Cir. 2008), rev'd on other grounds by 562 U.S. 134 (2011) (citing *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir.1997)) (finding that "constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm.").

The Supreme Court has also recognized that there is "harm" in "'being subjected' to 'unconstitutional agency authority'—'a proceeding by an unaccountable [administrative official]'" and it is a "here-and-now injury." *Axon Enterprises, Inc. v. Federal Trade Commission*, 598 U.S. 175, 191 (2023). In *Axon*, the plaintiffs moved to enjoin Federal Trade Commission ("FTC") and Securities and Exchange Commission ("SEC") enforcement proceedings, alleging that the FTC's and SEC's ALJs had unconstitutional tenure protection. *Id.* at 179. The Supreme Court recognized that the claim brought was a "here-and-now injury" because "[a] proceeding that has already happened cannot be undone," and so "[j]udicial review . . . would come too late to be meaningful." *Id.* at 191-92. If the "illegitimate proceeding before an illegitimate decisionmaker" went forward, "structural constitutional claims would come too late to be meaningful." *Id.*

If the proceeding in NLRB Case Nos. 31-CA-317349, 31-CA-319781, 31-CA-320596 moves forward, Amazon will not be able to have a constitutional proceeding, an "injury . . . impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Id.* at 175.

As the Supreme Court has stated, "We normally do not require plaintiffs to bet the farm . . . by taking violative action before testing the validity of the law, and we do not consider this a meaningful avenue of relief." *Free Enterprise Fund*, 561 U.S. at 489-91 (citations omitted). Without a stay of the unconstitutional proceeding, Amazon will suffer irreparable harm.

### c. The Balance of Harms and Public Interest Favor a Preliminary Injunction.

Because Amazon has demonstrated a likelihood of success and irreparable harm, the Court must weigh the irreparable harm that Amazon would endure without the protection of a preliminary injunction against any irreparable harm Defendants purportedly would suffer if the Court were to grant the requested relief. *See Nelson*, 530 F.3d at 873. As noted previously, courts in the Ninth Circuit must employ a sliding scale approach: "The two prongs are not separate tests but rather extremes of a single continuum, so the greater the relative hardship to the party seeking the preliminary injunction, the less probability of success must be shown." *Id.* (citations omitted). When the government is a defendant, as is the case here, the balance of harms and public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Amazon satisfies the two remaining preliminary injunctive factors. Both factors tilt strongly in favor of Amazon because its likelihood of success on the merits is a strong indicator that a preliminary injunction would serve the public interest, and a preliminary injunction would not harm Defendants because the government suffers no cognizable harm from stopping the perpetuation of unlawful agency action. *See Baird v. Bonta*, 81 F.4th 1036, 1046, 1048 (9th Cir. 2023) ("In so concluding, we again stressed that we presume that a constitutional violation causes a preliminary injunction movant irreparable harm and that preventing a constitutional violation is in the public interest."); *see also Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019) ("our cases do not require a strong showing of irreparable harm for constitutional injuries."). Further, an injunction would not disserve the public interest. *League of Women Voters of U.S. v. Newby*, 838

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

F.3d 1, 12 (D.C. Cir. 2016). The public is not served by having officers of the executive branch "slip from the Executive's control, and thus from that of the people." *Free Enterprise Fund*, 561 U.S. at 499.

Even if the Court grants the injunction but ultimately determines the proceedings are constitutional or corrects the constitutional defects, Defendants could move forward with the unfair labor practice proceeding at that time. The preliminary injunction would merely require the NLRB stay the proceeding while the Court makes it determination. While Amazon would be deprived of its constitutional rights if forced to proceed, the Defendants would not lose anything were a preliminary injunction granted.

## IV.    CONCLUSION

For the reasons discussed above, Amazon respectfully asks the Court to enter a preliminary injunction prohibiting Defendants and their employees and agents from taking any action to advance the proceedings in NLRB Case Nos. 31-CA-317349, 31-CA-319781, and 31-CA-320596.

DATED: November 15, 2024                    Respectfully submitted,

SEYFARTH SHAW LLP


By:    */s/ Kamran Mirrafati*

Counsel for Plaintiffs
Brian Stolzenbach
Kamran Mirrafati
Janine E. Raduechel
Giovanna A. Ferrari
AMAZON.COM SERVICES LLC
and AMAZON LOGISTICS, INC.

13

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

314589112v.3